UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

THERESA CIROCCO,

        Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

        Defendant.
_____/

Case No 21-

Hon.

STEMPIEN LAW, PLLC
BY: ERIC STEMPIEN (P58703)
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT

Plaintiff, Theresa Cirocco, by and through her attorneys, Stempien Law, PLLC, hereby complains against Defendant Life Insurance Company of North America and in support thereof states:

## COMMON ALLEGATIONS

1. Plaintiff Theresa Cirocco ("Cirocco" or "Plaintiff") is a resident of the City of Livonia, Wayne County, Michigan.

2. Defendant Life Insurance Company of North America is a subsidiary of Cigna Group Insurance (hereafter collectively referred to as "Cigna" or "Defendant") and is an insurance entity authorized and licensed by the State of Michigan to provide and/or sell insurance products in the State of Michigan. Cigna conducts systematic and continuous business in the State of Michigan.

3. Jurisdiction is vested in this Court pursuant to 29 USC §1132(e)(1).

4. Venue is proper in this District pursuant to 28 USC §1391(c) and (d), as well as 29 USC §1132(e)(2).

5. This is an action brought under the Employee Retirement Income Security Act ("ERISA"), §502, 29 USC §1132(a)(1)(B) and federal common law regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendant to provide certain disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendant's failure to do so.

6. Cirocco is a participant, pursuant to USC 29 USC §1002(7), in a long-term disability plan, Plan Number SHD-0985016, through Cigna and her former employer, Henry Ford Health System.

7. Cigna is a fiduciary, pursuant to 29 USC §1002(4) and 1102(a)(2).

8. In or about December 2019, Cirocco became eligible for long-term disability benefits from Cigna due to her becoming disabled as that term as defined by the subject policy.

9. Cigna has wrongfully denied Cirocco's claim for long term disability benefits.

10. The Incident Number under which this claim was brought is 11561921-01.

**COUNT I**
**ACTION UNDER ERISA §502(a)(1)(B); 29 USC §1132 (a)(1)(B)**
**RECOVERY OF FULL BENEFITS**

11. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

12. Cirocco meets all the requirements for eligibility for long-term disability benefits under Cigna's policy and plan.

13. The denial of Cirocco's claim for long-term disability benefits is in direct violation the terms and conditions of Cigna's policy and plan.

**COUNT II**
**ACTION UNDER ERISA §502(a)(3); 29 USC §1132 (a)(3)**
**BREACH OF FIDUCIARY DUTY**

14. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

15. Pursuant to ERISA §404(a), 29 USC 1104(a), as fiduciaries with respect to the plan, Cigna has and had duties to administer and dispense of the plan solely in the interest of plan participants and their beneficiaries, and

    a. for the exclusive purpose of providing benefits to plan participants and their beneficiaries and defraying reasonable expenses of administering the plan; and

    b. with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; and

    c. in accordance with the plan documents and instruments insofar as such documents and instruments are consistent with the provisions of Titles I and IV of ERISA.

16. Cigna's actions in denying Cirocco's benefits and in refusing to provide an accurate accounting of her benefits were in violation of every one of its fiduciary duties as set forth above.

WHEREFORE, Plaintiff Theresa Cirocco prays that this Honorable Court enter a judgment in her favor against Defendant Life Insurance Company of North America, including the following relief:

    a. a declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 USC §1132(a)(1)(B), and 28 USC §2201, declaring that Plaintiff is entitled to the disability benefits in the proper amounts as set forth in the plan in effect at the time benefits became payable and that Cigna has violated the plan and its fiduciary duties by denying these benefits;

    b. preliminary and permanent injunctions pursuant to ERISA §502(a)(3), 29 USC §1132(a)(3), and Fed. R. Civ. P. 65, enjoining Defendant from discontinuing, reducing, limiting, or terminating the disability benefits payable to Plaintiff under the plan;

    c. a full and accurate accounting by Defendant of all computations for Plaintiff's disability benefits, in sufficient detail so that Plaintiff may ascertain that her benefits are being paid in the proper amount;

    d. an order compelling Defendant to pay Plaintiff forthwith the full amount of disability benefits due to her and to continue such payments for the period set forth in the plan, including interest on all unpaid benefits and further entering a money judgment against Defendant for the amounts then due and owing;

    e. disgorgement of any profits or gain Defendant has obtained as a result of the wrongful action alleged in this complaint and equitable distribution of any profits or gain to Plaintiff;

    f. reasonable attorney fees and costs, pursuant to ERISA §502(g)(1), 29 USC 1132(g)(1); and

    g. any such other relief this court deems fair and just.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: December 7, 2021